## Smith Estate

SHOYER, J., March 19, 1956.—By order of this court dated December 9, 1955, the exceptions of Robert Nelson Smith to the supplemental adjudication of Shoyer, J., setting up a total reserve of $15,000 by accumulation from half the annual excess income were "dis-

missed and the supplemental adjudication confirmed absolutely". The supplemental adjudication was filed September 29, 1955, and affirmed, with modifications, an earlier adjudication of April 16, 1953, which directed the filing of a schedule of distribution, which has not yet been filed. It was expressly provided by the supplemental adjudication that "the adjudication of April 16, 1953, as supplemented, is affirmed, and the account is reconfirmed nisi."

Without the filing of the aforementioned schedule of distribution, Robert Nelson Smith entered his appeal to our Supreme Court from the aforesaid order of December 9, 1955. Article VII, sec. 771, of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.771, provides that "An appeal . . . may be taken from a decree of distribution of the orphans' court which is not final . . . provided the orphans' court shall certify that the decree is sufficiently definite to determine the substantial issues between the parties". "Decree of distribution" may be read as synonymous with confirmed adjudication: Earle Estate, 369 Pa. 52, 54, 55 (footnote). Accordingly, we enter the following

<em>Order</em>

And now, to wit, March 19, 1956, it is hereby certified, pursuant to article VII, sec. 771, of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.771, that the order of this court entered December 9, 1955, confirming absolutely the supplemental adjudication of Shoyer, J., dated September 29, 1955, is sufficiently definite to determine the substantial issues between the parties without the filing of the schedule of distribution directed in the aforesaid adjudication of April 16, 1953.